IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 110-032 |
| | ) | |
| VARTRON MISCKO NERO | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. The Magistrate Judge recommended denying Defendant's motion to suppress concluding that the law enforcement officers clearly had a reasonable, articulable suspicion to support an investigative stop of the car in which Defendant was a passenger. (See doc. no. 35). Defendant's objections are without merit, as they merely re-assert the arguments that Defendant raised in his particularized motion to suppress.

In his objections, Defendant continues to argue that the law enforcement officers had no valid reason to justify an investigatory stop. (Doc. no. 38, p. 2). In particular, Defendant contends, "A review of the investigation officers' testimony from the Motion to Suppress hearing establishes that neither the Defendant nor the driver of the vehicle were violating any laws at the time the car was stopped, and the investigating officers simply acted upon their subjective suspicions." (Id.). In support of this statement, Defendant argues: 1) neither the driver of the car nor Defendant were violating any laws; 2) Defendant was simply checking

the car for damage, and when he was finished checking the car, he got back into the car; and (3) Defendant did not run from the scene. (Id.). As such, Defendant concludes that the Investigators "simply decided to stop the vehicle because the vehicle was located in what they determined was a high crime area." (Id. at 3).

First, concerning Defendant's statement that he was not violating any laws, as noted by the Magistrate Judge, "A reasonable suspicion of criminal activity may be formed by observing exclusively legal activity." United States v. Gordon, 231 F.3d 750, 754 (11th Cir. 2000). Second, the testimony at the March 23, 2010 hearing established that Defendant got back into the car upon recognizing the unmarked police car, not as Defendant claims, when he was done checking the car for damage. (Doc. no. 37, pp. 9-10, 25-27). Furthermore, contrary to Defendant's argument, the investigative stop was not simply based on the fact that the vehicle was located in what the law enforcement officers determined was a high crime area. Rather, as explained by the Magistrate Judge: (1) in light of Defendant's reaction of scurrying back into the car upon recognizing the unmarked car (expressed by the "deer in headlights" look), (2) the actions of the driver of the car driving away as soon as he saw the four Investigators – in their Sheriff's vests – approaching his car, and (3) coupled with the Investigators' knowledge that they were in a high crime area, the law enforcement officers had adequate grounds for a Terry[1] stop. (Doc. no. 35, pp 10-11).

Thus, Defendant has not provided any new facts or law that alter the conclusion in the Magistrate Judge's Report and Recommendation. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.

---

[1] Terry v. Ohio, 392 U.S. 1, 30 (1968).

Therefore, the motion to suppress filed by Defendant is **DENIED**. (Doc. nos. 18, 25, 33).[2]

SO ORDERED this 12th day of May, 2010, at Augusta, Georgia.

*/s/ Dudley H. Bowen, Jr.*
UNITED STATES DISTRICT JUDGE

---

[2]Defendant filed a preliminary motion to suppress, and upon prompting from the Court, he filed a particularized motion pursuant to Loc. Crim. R. 12.1. (See doc. nos. 18, 20, 25). After the government responded to the particularized motion to suppress, Defendant filed an "Amendment To Particularized Motion To Suppress." (Doc. no. 33). The Magistrate Judge's recommendation to deny the request for suppression applies to all of Defendant's motions. (See doc. no. 35, p. 1 n.1).

3